**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **LUIS CRUZ SENA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2680-R** |
| | ) | |
| **FRED FIGUEROA, Warden, Diamondback Facility, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Luis Cruz Sena, a noncitizen[1] and Dominican national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge David L. Russell referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 5. The undersigned set an expedited briefing schedule, Doc. 8, and the Petition is at issue. On September 28, 2026, Petitioner also filed an Emergency Motion for a Temporary Restraining Order. Doc. 3. On October 5, 2026, Petitioner also filed an Emergency Motion to Maintain Petitioner at Diamondback Correctional Facility and to Preserve the Court's Jurisdiction, Doc. 10, and an Emergency Motion for Stay of Removal Pending Petition for Review, Doc. 11.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

For the reasons below, the undersigned recommends that the Petition be **DISMISSED as moot** because Petitioner is currently subject to mandatory detention. Adoption of this Report and Recommendation would **MOOT** Petitioner's pending motions seeking injunctive relief, Docs. 3, 10, 11.

## I. Background

Petitioner, a citizen of the Dominican Republic, was admitted to the United States on September 19, 2024, as a B2 nonimmigrant Visitor for Pleasure at Miami International Airport. Doc. 12-2 at 1 (Notice to Appear). He was authorized to remain in the United States until March 18, 2025, but remained past that date. *Id.*

On November 20, 2024, INTERPOL issued a red notice for Petitioner based on his alleged participation in a crime in the Dominican Republic. Resp. at 2; Doc. 12-3 at 3; Doc. 12-4 at 1-7 (Dominican Charging Documents and INTERPOL Red Notice). On April 15, 2026, the New York City Police Department arrested Petitioner for (1) robbery in the 3rd degree, a felony; and (2) assault with the intent to cause physical injury, a 3rd degree misdemeanor. Resp. at 2; Doc. 12-3 at 2 (ICE Encounter Summary). That case has been dismissed. Doc. 14-1 at 4 (Bronx Criminal Court Documents).

On June 19, 2026, ICE arrested Petitioner after a targeted immigration enforcement operation, pursuant to a warrant issued on April 17, 2026. Doc. 12-3 at 2; Doc. 12-5 at 1 (Warrant for Petitioner's Arrest). Also on June 19, 2026, ICE placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear and charged him with being removable under 8 U.S.C.

§ 1227(a)(1)(B) a nonimmigrant who, after admission, remained in the United States for a time longer than permitted. Doc. 12-2 at 1.

On September 3, 2026, an Immigration Judge ("IJ") ordered Petitioner removed to the Dominican Republic. Doc. 12-1 at 3 (IJ Order of Removal). No evidence in the record indicates Petitioner timely appealed the decision with the Board of Immigration Appeals ("BIA") by the deadline of October 2, 2026. *Id.* at 4 (showing the appeal deadline); *see also* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last accessed Nov. 4, 2026) (showing no appeal received by the BIA). Therefore, his removal order is final under 8 C.F.R. § 1241.1.

When Petitioner filed his Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma. Pet. at 1. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last accessed Nov. 4, 2026).

## II. Petitioner's Claims

Petitioner asserts four counts in his Petition.

- **Count I: Violation of Immigration Statutes.** Petitioner alleges his continued detention is unlawful to the extent it exceeds its authority granted by federal immigration statutes. Pet. at 6.

- **Count II: Violation of Due Process**. Petitioner alleges if his detention has occurred without the process required by law it violates the Due Process Clause of the Fifth Amendment. *Id.*

- **Count III: Violation of Fifth Amendment.** Petitioner alleges if his continued detention has become prolonged or otherwise lacks procedural protections, his continued confinement may violate the Fifth Amendment. *Id.*

- **Count IV: Violation of Constitution and Other Applicable Statutes.** Petitioner alleges he reserves the right to rely on additional statutory or constitutional claims supported by the administrative record and evidence presented to the Court. *Id.* at 7.

Petitioner asks the Court to direct "Respondents to show cause why [his] continued detention is lawful; [r]eview the legality of [his] continued immigration [detention] under the constitution and laws of the United States; [and] [g]rant any relief that the Court determine[s] is authorized by law and warranted by the facts of this case." *Id.*; *see also* Doc. 14-1 at 2 (requesting "that the Court determine the correct statutory basis for his detention").

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). "Because mootness is a matter of jurisdiction, a court may raise the issue sua sponte." *Id.*

## IV. <u>Analysis</u>

### A. Petitioner is subject to mandatory detention under 8 U.S.C. § 1231(a).

The two sections of the Immigration and Nationality Act ("INA") at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. If Petitioner is detained under § 1225(b)(2)(A), he is not entitled to a bond hearing. On the other hand, § 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

"After the pre-removal period concludes, the statutory authority to detain an alien shifts to 8 U.S.C. § 1231." *Carbajal v. Holder*, 43 F. Supp. 3d 1184, 1188 (D. Colo. 2014). Under 8 U.S.C. § 1231(a)(2)(A), a noncitizen is subject to a 90-day removal period, where detention is mandatory. 43 F. Supp. 3d at 1189 ("[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days . . . . During the removal period, the Attorney General shall detain the alien.") (quoting 8 U.S.C. § 1231(a)). This shift from the "pre-removal" period under § 1225 and § 1226 to the "removal" period under § 1231(a) is triggered by the latest of three events:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). An order of deportation becomes final upon "a determination by the [BIA] affirming such order; or the expiration of the period in which the alien is permitted to seek review of such order by the [BIA]." *Id.* § 1101(a)(47)(B); *see also* 8 C.F.R. §1241.1 (stating "[a]n order of removal made by the immigration judge" becomes administratively final "[u]pon dismissal of an appeal by the [BIA]; [u]pon waiver of appeal by the [noncitizen]; [or] [u]pon expiration of the time allotted for an appeal if the [noncitizen] does not file an appeal within that time").

Thus, Petitioner's pre-removal-order period ended on October 2, 2026, when the time for him to appeal his removal order expired. Therefore, Petitioner could no longer be subject to § 1226(a). He is now subject to § 1231(a)(2)(A), which mandates detention without bond for 90 days, or until December 31, 2026.

### B. Any claims arising out of his pre-removal-order detention period are moot.

"Article III of the Constitution limits federal-court jurisdiction to 'cases' and 'controversies.'" *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160 (2016) (quoting U.S. Const. art. III, § 2). "In order to invoke federal-court jurisdiction, a [petitioner] must demonstrate that he possesses a legally cognizable interest, or personal stake, in the outcome of the action." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013) (citation modified). This means "an actual controversy must be extant at all stages of review." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 67 (1997). "If an intervening circumstance deprives the [petitioner] of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as

moot." *Genesis Healthcare Corp.*, 569 U.S. at 72 (citation modified). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (citation modified).

Before his removal order became final, Petitioner claimed that his detention may have violated federal immigration laws and his right to due process. Pet. at 6-7. However, because he is now detained under § 1231(a)(2)(A), Petitioner is subject to mandatory detention, and he is not entitled to a bond hearing or release. Accordingly, his claims should be dismissed as moot. *See, e.g.*, *Quintanilla v. Figueroa*, No. CIV-26-797-G, 2026 WL 2302459, at *1 (W.D. Okla. Aug. 10, 2026) (dismissing as moot a petition where petitioner's order of removal became final after the petition was filed); *Singh v. Mullin*, No. CIV-26-556-D, 2026 WL 2058953, at *1 (W.D. Okla. July 16, 2026) (agreeing with magistrate judge that the Petition is moot when petitioner's BIA appeal was dismissed, making his order of removal final); *Maldonado-Velasquez v. Moniz*, No. 17-1918, 2018 WL 11444979, at *1 (1st Cir. Mar. 22, 2018) ("Because Maldonado-Velasquez's order of removal is administratively final, 8 C.F.R. § 1241.1, and because the court has denied a stay of removal in his parallel petition for review proceedings, Maldonado-Velasquez is no longer being detained pursuant to the statute at the heart of his due process claim, 8 U.S.C. § 1226. *See* 8 U.S.C. § 1231(a)(1). The shift in detention authority has rendered Maldonado-Velasquez's due process claim moot."); *Carbajal*, 43 F. Supp. 3d at 1189 (collecting cases and finding "[a]pplicant's claims challenging his mandatory detention without an individualized bond hearing during the pre-removal period now are moot

because the Board of Immigration Appeals dismissed his administrative appeal on December 27, 2013, thereby affirming the order of removal”).[2]

**C. Petitioner is not otherwise entitled to release based on the Petition.**

In some circumstances, a court can order release once a noncitizen’s 90-day removal period has ended, if the noncitizen has not been removed. *Zadvydas*, 533 U.S. at 682, 687-88.

> There is no express limitation on the length of an alien’s post-removal-period detention under § 1231(a)(6). But in *Zadvydas*, the Supreme Court interpreted § 1231(a)(6) narrowly and imposed an implicit reasonable time limitation on such detention to avoid any Fifth Amendment due process issues that could arise from indefinite detention. After *Zadvydas*, an alien can be detained only until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Babakhani v. Gantt*, No. CIV-26-705-SLP, 2026 WL 1822995, at *3 (W.D. Okla. June 24, 2026) (citation modified).

However, here, Petitioner makes no *Zadvydas* allegations in the Petition. Nor has he requested to amend the petition to make any such allegations. Accordingly, the undersigned recommends the Court decline to construe the Petition as requesting release under *Zadvydas*, though Petitioner may request such relief in a future action if circumstances entitle him to such relief at that time.

[2] A court cannot “dismiss a petition as moot if (1) secondary or collateral injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; [or] (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time.” *Riley v. INS*, 310 F.3d 1253, 1257 (10th Cir. 2002) (internal quotation marks omitted). “However, none of these exceptions apply to [Petitioner], who has no reasonable expectation that he will once again be detained” without a final order of removal. *Carbajal*, 43 F. Supp. 3d at 1190.

## V. Recommendation and Notice of Right to Object

For these reasons, the undersigned recommends that the Petition, Doc. 1, be **DISMISSED as moot**. Adoption of this Report and Recommendation would **MOOT** Petitioner's pending motions seeking injunctive relief, Docs. 3, 10, 11.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **November 18, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **November 25, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 4th day of November, 2026.

Chris M. Stephens
______________________________
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE